**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| J & J SPORTS PRODUCTIONS, INC., <br><br> Plaintiff, <br><br> v. <br><br> LUIS RODRIGUEZ, <br><br> Defendant. | Case No. 5:13-cv-05551-BLF <br><br> **ORDER VACATING SEPTEMBER 18, 2014 HEARING; AND DENYING MOTION TO ALTER OR AMEND JUDGMENT** <br><br> [Re: ECF 31] |

## I. BACKGROUND

Plaintiff J & J Sports Productions, Inc. ("Plaintiff") brought the instant action for conversion and unlawful interception of a telecast against Defendant Luis Rodriguez ("Defendant"), operator of Los Jarritos, a Mexican restaurant. Defendant Rodriguez was served with the Amended Complaint on March 11, 2014 and his answer was due on April 1, 2014. (Proof of Serv., ECF 15) Defendant did not file an answer and did not appear. On June 27, 2014, the Court granted Plaintiff's motion for default judgment, awarding $1,000 in statutory damages under 47 U.S.C. § 605, $4,200 in damages for conversion under California Civil Code § 3336, and $2,112.50 in attorney's fees and costs under 47 U.S.C. § 605(e)(3)(B)(iii). (Order, ECF 29) Plaintiff now moves to alter or amend the judgment, seeking "an increase in the statutory damages awarded to Plaintiff as well as an award of enhanced statutory damages for its claim under 47 U.S.C. § 605 to an amount sufficient to compensate Plaintiff and accomplish the goal of deterrence (both specific and general)." (Mot. to Am. J., at 3, ECF 31)

The Court concludes that Plaintiff's motion is appropriate for disposition without oral argument. *See* Civ. L.R. 7-1(b). Accordingly, the hearing previously set for September 18, 2014 is hereby VACATED.

## II. LEGAL STANDARD

Pursuant to Federal Rule of Civil Procedure 59(e), a motion to alter or amend judgment may be granted if "the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *389 Orange St. Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999). Rule 59(e) "offers an extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000). The rule "may not be used to relitigate old matters, or raise arguments or present evidence that could have been raised prior to entry of judgment." *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 485 (2008).

## III. DISCUSSION

Plaintiff has failed to (1) present new evidence; (2) show that the Court committed clear error; or (3) demonstrate a change in controlling law. Accordingly, Plaintiff's motion to alter or amend the judgment is denied.

Plaintiff's motion asserts that the damages and fees awarded do not adequately address deterrence, and that the award is low enough to actively encourage piracy. (Mot. to Am. J., at 4-8, ECF 31) However, this argument fails to meet the requirements of Rule 59(e). The cases cited by Plaintiff could have been raised prior to entry of judgment, and nothing in Plaintiff's motion leads this Court to reconsider its previous award. Moreover, $7,312.50 is a considerable amount for a small business.

Plaintiff's motion also asserts that "[t]his Court's damages award is out of sync with the suggestions of the Ninth Circuit" and cites to *Kingvision v. Lake Alice Bar*, 168 F.3d 347 (9th Cir. 1999), a case in which the Ninth Circuit stated "a low five figure judgment may be a stiff fine that deters [businesses from pirating telecasts]." (Mot. to Am. J., at 8, ECF 31) The Court has conducted an exhaustive review of damages awarded to Plaintiff in similar cases in this District. While some courts have awarded greater amounts, other courts have awarded less. Having once again reviewed the record in this case, the Court remains satisfied that the award is appropriate.

**IV.    ORDER**

For the foregoing reasons, Plaintiff's motion to alter or amend the judgment is hereby DENIED.

Dated:  September 15, 2014

_____
BETH LABSON FREEMAN
United States District Judge